GEORGE A. OSGOOD and another, Receivers of the Columbian Insurance Company, Respondent, *v.* LIPMAN TOPLITZ, Appellant.

(GENERAL TERM, FIRST DEPARTMENT, SEPTEMBER, 1870.)

The charter of an insurance company permitted it to receive notes for premiums in advance, which entitled the makers to a dividend, and were subject to the right of the company to use them for the payment of losses and liabilities, and for any purpose connected with the business of the company.—*Held*, that a receiver of the company could recover upon the notes beyond the amounts actually due thereon for premiums.

The charter also required the notes so given to " be made payable within twelve months from date."—*Held*, further, that the company had no authority under this requirement to take notes "payable twelve months after date," and that the receiver could not recover upon notes so taken.

THE plaintiffs, as receivers of the Columbian Insurance Company, sue the defendant on three notes, being part of the assets of the company, two of which are payable twelve months after date, and one is payable seven months after date. The defence is, that these notes were given as advance payments of premiums merely, and not as security notes under the provisions of the charter, and that nothing had ever become payable thereon. The court directed a verdict for the plaintiff, and the exceptions to be heard in the first instance at the General Term.

*E. Lauterbach*, for the appellant.

*Dudley Field*, for the respondent.

Present—INGRAHAM, P. J., GEORGE G. BARNARD and CAR-
DOZO, JJ.

By the Court—INGRAHAM, P. J. The evidence shows
that these notes were given in advance for premiums and poli-
cies under the third article of the charter, and entitled the
maker to a dividend, and were subject to the right of the com-
pany to use them for the payment of losses and liabilities,
and for any purpose connected with the business of the com-
pany. Upon this point there can be no doubt, that the com-
pany had a right to use and collect them to pay losses, or for
other purposes, if they had been made in compliance with the
provisions of that article. It directs that the notes shall be
drawn to the order of the company, and be made payable
within twelve months from date. In case of renewal, it is
provided that the new note shall be given for the same time
as the original note, and be subject to the same terms and
conditions.

One of the notes is made payable within seven months, and
all are payable to the order of the company. The other two
notes are payable twelve months after date. This is not in
compliance with the conditions prescribed in the charter.
Why the notes to be received for this purpose were to be
made payable within twelve months is not stated. It may be
in relation to the dividends of scrip which are provided for.
Whatever may have been the reason, the company had a right
to make that a condition; and, having done so, they are lim-
ited to notes drawn in accordance therewith, to be used for
such purposes. They had no more authority to take notes
payable for a longer period than twelve months, than they
had to take them payable to other persons than the company.

We have been referred to cases in which it has been held,
that notes payable twelve months after date, have been held
to be in compliance with a similar provision in other charters,
but in those cases the charters provided that the notes should
be payable at the end of or within twelve months, and a note
payable twelve months after date came within the provision.

In this case the condition .is that they shall be payable within twelve months, and not at the end of that term. We are of the opinion that the court erred in directing a verdict for the amount of the three notes. The judgment should have been for the one note of $380 and interest. If the plaintiffs consent to reduce the judgment to that amount and interest, the judgment may be affirmed for that amount and costs. If not, the judgment is reversed and a new trial ordered, costs to abide event.

Ordered accordingly.